**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**J. MICHAEL SAUER**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLAY R. FIRESTONE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 32A01-1201-PC-32 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Karen M. Love, Judge
Cause No. 32D03-0606-PC-3

**November 8, 2012**

**OPINION ON REHEARING - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

Clay Firestone has petitioned for rehearing of this Court's decision in *Firestone v. State*, No. 32A01-1201-PC-32 (Ind. Ct. App. Sept. 13, 2012), in which we affirmed the post-conviction court's denial of Firestone's petition for post-conviction relief and remanded to the lower court to correct Firestone's sentence by assigning his habitual offender enhancement to one of his convictions. We grant the petition for rehearing for the limited purpose of clarifying our reasoning but reaffirm our opinion in all respects.

Firestone contends that our decision contains factual mistakes, and he cites to our statement in the opinion that he did not "direct us to any testimony or evidence in support of his claim" that his trial counsel knew about the photo lineup and recorded interview prior to trial. Slip op. p. 2. In support of his argument, he points to a section from his appellant's brief containing citations to discovery responses and exhibits in the appendix and to statements by counsel and between counsel and the court during trial in the trial transcript.

To clarify, the statement in the opinion that Firestone had not directed us to any testimony or evidence in support of his claim was intended to refer to the lack of testimony or evidence from the post-conviction hearing. Trial counsel did not acknowledge at the post-conviction hearing that he was actually aware of the contents of these pieces of evidence, although he may well have been provided these items prior to trial. In any event, as we stated in our original opinion, counsel's knowledge is of no moment because Firestone failed to meet his burden of showing prejudice. *See id.* at 2-3.

The remainder of Firestone's arguments in his petition for rehearing merely restates the arguments submitted in his appellant's brief. We determined in our original opinion that Firestone failed to demonstrate prejudice on his post-conviction claim of ineffective assistance of trial counsel, and his petition presents nothing that warrants rehearing.

Subject to the foregoing clarification, our opinion is in all respects affirmed.

NAJAM, J., and PYLE, J., concur.